**Deborah WINE, Plaintiff-Appellant,**

v.

**The UNITED STATES of America,
Defendant-Appellee.**

**No. 81–1359.**

United States Court of Appeals,
Tenth Circuit.

April 11, 1983.

Thomas J. Constantine, Englewood, Colo.
(Neil E. Lipson, Denver, Colo., with him on
brief), for plaintiff-appellant.

Joseph Dolan, U.S. Atty., and Nancy E.
Rice, Asst. U.S. Atty., Denver, Colo., for
defendant-appellee.

* Honorable Wesley E. Brown, Senior United
States District Judge for the District of Kansas,

Before SETH, Chief Judge, McWIL-
LIAMS, Circuit Judge, and BROWN,*
Senior District Judge.

BROWN, Senior District Judge.

Appellant brings this appeal from the
Order of the district court granting the
motion of the United States to dismiss the
action. The facts are not in dispute, and
may be briefly stated. On February 20 and
21, 1978, appellant and her companion,
Stuart Smolin, were kidnapped by Dana E.
Morgan. Morgan assaulted and fatally shot
Mr. Smolin and sexually assaulted and shot
appellant. At the time of the incident,
Morgan was a sergeant in the United
States Air Force, stationed at Lowry Air
Force Base in Denver, Colorado. It is ad-
mitted that Morgan was off duty and was
not acting within the scope of his employ-
ment with the United States when he com-
mitted the criminal acts described above.

For the purpose of its motion, the United
States also admitted that the Air Force,
through Morgan's supervisors, had failed to
provide Morgan with psychiatric care, and
had placed unreasonable pressure and stress
upon Morgan in the performance of his
duties. Appellant filed an administrative
claim with the Air Force, claiming negli-
gence of Morgan's supervisors, which was
denied. She then brought this action alleg-
ing the same negligence under the Federal
Tort Claims Act, 28 U.S.C. § 1346(b) and
§ 2671 et seq. The sole basis on which the
district court granted dismissal was its find-
ing that appellant's claim was barred by 28
U.S.C. § 2680(h), as that section was con-
strued by this Court in *Naisbitt v. United
States,* 611 F.2d 1350 (10 Cir.), cert. denied
449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111
(1980). 28 U.S.C. § 2680(h) provides an ex-
ception to the general waiver of sovereign
immunity contained in the Federal Tort
Claims Act where the claim arises out of
assault, battery, or various other enumerat-
ed torts.

sitting by designation.

*Naisbitt,* supra, arose on facts very similar to those at bar. There, two off-duty airmen committed various assaults, rapes, batteries, and murders against the plaintiffs and their decedents. In *Naisbitt,* as here, plaintiffs argued that their action against the United States sounded in negligence, not in the assaults and batteries of the government employees. Thus, they contended that the bar of § 2680(h) did not apply. The *Naisbitt* Court refuted that contention, noting that while § 2680(h) did not apply to cases in which the assailant was not a government employee, it did bar suit against the government in all cases where the intentional tort was committed by a government employee.

> Since the government has waived liability only in negligence cases and has retained its immunity in intentional tort cases in accordance with § 2680(h), an attempt to establish liability on a negligence basis is indeed an effort to circumvent the retention of immunity provided in § 2680(h).

*Naisbitt,* supra, 611 F.2d at 1355.

Appellant concedes that where the government could be sued for the intentional torts of its employees under the doctrine of respondeat superior but for § 2680(h), *Naisbitt* is right in considering a claim of negligence in those circumstances to be an effort to circumvent § 2680(h). However, she argues, where employees are off duty and the government therefore could not in any case be held liable under respondeat superior for their intentional torts, the claim of negligence is not an attempt to circumvent § 2680(h). Thus, that section should not bar the claim. In short, appellant argues that off-duty employees should be treated as non-employees, and suits brought in negligence, arising out of the intentional torts of either group, should be allowed as within the Tort Claims Act's waiver of sovereign immunity.

The controlling law in this Circuit, as stated definitively by *Naisbitt,* supra, is to the contrary. *Naisbitt* holds that the retention of immunity in § 2680(h) is not restricted to the limits of liability under respondeat superior. Quoting *Pennington v.*

*United States,* 406 F.Supp. 850, 852 (E.D.N.Y.1976) at 611 F.2d 1354, fn. 2, the Court in *Naisbitt* recognized that both the distinction between a non-employee and an off-duty employee, and the distinction between on-duty and off-duty employees, are logically flawed. Still *Naisbitt* found the former to be the better approach, and we agree. The following summary by the *Naisbitt* Court of its holding on this point states, we believe, the well-reasoned basis on which the dismissal of the present action must be affirmed.

> There is a strong thread running through most of these cases . . . which recognizes the immunity of the government where the assailant is an employee of the government. This is applied regardless of whether the employee is on duty. . . . The rationale for this appears to be that where the intervening assailant is an employee, the tort with which the government is charged is in fact as well as law an intentional one subject to the § 2680(h) provision. There is a dearth of authority allowing an action to be prosecuted against the government under the Tort Claims Act where the intervening assailant was an employee. In any case in which the employee has intentionally injured another, the tort asserted against the government, regardless of whether it is called negligence, is indeed an intentional tort attributable to the government. This may well be because of the doctrine of respondeat superior *or because the employee is closely related to the government. It would appear to be the proximity of the employee which gives the government's role its intentional quality.*

*Naisbitt,* supra, 611 F.2d at 1356, (emphasis added).

The Order of the district court dismissing this action for lack of jurisdiction is AFFIRMED.