Diane **HOOT**, Plaintiff-Appellee,

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 85–1774.

United States Court of Appeals,
Tenth Circuit.

May 12, 1986.

James W. Winchester, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on brief), Denver, Colo., for defendant-appellant.

Ronald G. Crowder, Colorado Springs, Colo., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and ANDERSON and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Diane Hoot was physically assaulted by Kevin Firth, a soldier in the United States Army stationed at Ft. Carson, Colorado. The assault occurred in Ms. Hoot's apartment in Colorado Springs, Colorado. Hoot and Firth apparently were not acquainted, and Firth had entered Hoot's apartment, in her absence, by stealth.

Based upon the incident, which was most violent in nature, Hoot brought the present action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, in the United States District Court for the District of Colorado, against the United States. Hoot alleged in her complaint, *inter alia*, that she "was physically assaulted by Kevin Firth, threatened with a deadly weapon, bound, held captive, eventually strangled into unconsciousness and left for dead." Further, in connection with what she described in her complaint as an "assault and battery" on the part of Firth, Hoot alleged that her various injuries were the "direct and proximate result" of the negligence of the United States and its employees. Specifically, it was alleged by Hoot that for some time prior to the assault Firth himself recognized that he was "mentally unbalanced" and that in connection therewith, he, on several occasions, sought treatment

from his superiors in the military and that the latter refused his request for medical and mental examination and treatment.

The United States filed a motion to dismiss the action on the ground that it was barred by the assault and battery exclusion of 28 U.S.C. § 2680(h)[1]. The trial court denied the motion, 598 F.Supp. 1116. A motion to reconsider its ruling was also denied by the trial court. Immediate appellate review of the propriety of the order denying the motion to reconsider was granted pursuant to the provisions of 28 U.S.C. § 1292(b).

In denying the motion to dismiss, the trial court distinguished *Naisbitt v. United States*, 611 F.2d 1350 (10th Cir.), *cert denied*, 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980) on the basis that in *Naisbitt* there was only a "generalized allegation" that the United States had negligently failed to supervise military personnel who had, when off duty, assaulted non-military persons, whereas, in the instant case, Hoot alleged specific acts of negligence on the part of the United States, i.e., Firth had asked his superiors for medical examination and treatment and had been refused.

In its motion for reconsideration, the United States for the first time cited *Wine v. United States*, 705 F.2d 366 (10th Cir. 1983) and argued that it was dispositive of the matter. In *Wine*, the plaintiff alleged that the United States Air Force had negligently failed to provide psychiatric treatment for an enlisted man who, when off duty, assaulted a non-military person. The trial court declined to follow *Wine*, believing that *Wine* "dramatically expanded" the ambit of *Naisbitt* far beyond its underlying rationale. We disagree and believe that *Wine* and *Naisbitt*, particularly *Wine*, control the present case.

In *Naisbitt*, two off-duty airmen committed a variety of atrocious assaults, batteries, rapes, and murders against non-mili-

---

1. Title 28 U.S.C. § 2680 lists exceptions to the FTCA's waiver of sovereign immunity, and provides in pertinent part as follows:

The provisions of this chapter and section 1346(b) of this title shall not apply to ... (h) Any claim arising out of assault, battery....

tary personnel. Actions sounding in tort were brought against the United States. The theory of the plaintiffs' cases was that the United States itself was guilty of "actionable negligence in failing to supervise and curtail the two airmen in question in that it was reasonably foreseeable that they would, unless restrained, perpetrate serious injuries." · 611 F.2d at 1351. A motion to dismiss filed by the United States based on the "assault and battery" exception contained in 28 U.S.C. § 2680(h) was granted by the trial court. On appeal, we affirmed. In so doing, we commented as follows:

> In summary: There is a strong thread running through most of these cases ... which recognizes the immunity of the government where the assailant is an employee of the government. This is applied regardless of whether the employee is on duty. The district court here considered the fact that Pierre and Andrews were employees to be a compelling reason for holding that § 2680(h), applied. The rationale for this appears to be that where the intervening assailant is an employee, the tort with which the government is charged is in fact as well as law an intentional one subject to the § 2680(h) provision. There is a dearth of authority allowing an action to be prosecuted against the government under the Tort Claims Act where the intervening assailant was an employee. In any case in which the employee has intentionally injured another, the tort asserted against the government, regardless of whether it is called negligence, is indeed an intentional tort attributable to the government. This may well be because of the doctrine of *respondeat superior* or because the employee is closely related to the government. It would appear to be the proximity of the employee which gives the government's role its intentional quality.

611 F.2d at 1356.

The *Wine* case is in our view even more on point. In *Wine*, a non-military person

was cruelly assaulted and shot by a military serviceman who at the time was off duty and, of course, not acting within the scope of his employment with the United States. The victim sued the United States alleging, which was accepted as true, that the Air Force personnel had "failed to provide Morgan [the assaulter in that case] with psychiatric care, and had placed unreasonable pressure and stress upon Morgan in the performance of his duties." 705 F.2d at 366. Such "failure" was necessarily a "negligent failure," otherwise there would be no possible case against the United States. In *Wine*, as in *Naisbitt*, the trial court granted a motion to dismiss, holding that the "assault and battery" exception contained in 28 U.S.C. § 2680(h) barred the action against the United States. On appeal, we affirmed. In *Wine*, we stated that *Naisbitt* barred "suit against the government in all cases where the intentional tort was committed by a government employee." 705 F.2d at 367. *Wine* governs the present case.

Our disposition of this appeal is in accord with the rationale of section IIA of *United States v. Shearer*, — U.S. —, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), which section was joined in by four justices, with four justices not joining therein, and one justice taking no part in the decision of the case. "[The claimant] cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." 105 S.Ct. at 3042 (emphasis in the original).

Believing that adherence to *Wine* requires a reversal, we reverse and remand with direction to the trial court to grant the motion to dismiss and to dismiss the action. The issue may not be free from all doubt, as other courts have taken a different position on the matter.[2] However, at the same

---

**2.** In *Shearer v. United States,* 723 F.2d 1102 (3d Cir.1983), the Third Circuit held that the FTCA

intentional tort exception does not necessarily bar negligence actions even if the injury is di-

time, there are cases supportive of the result reached in *Wine* and *Naisbitt.*[3] We need not repeat here all the nuances made by other courts in other cases. It is sufficient here merely to observe that, in our view, Hoot's claim is one "arising out of assault, battery...." 28 U.S.C. § 2680(h). Absent the assault and battery perpetrated on Hoot by Firth, there would be no claim. Clearly, in our view, the claim "arose out of" the assault and battery and no amount of "semantics" can change it. *See* 105 U.S. at 3042.

Judgment reversed and case remanded with direction that the trial court grant United States' motion to dismiss and then dismiss the action.

HOLLOWAY, Chief Judge, concurring in the result:

The majority opinion outlines the nature of the complaint and the challenge to it by the Government under 28 U.S.C. § 2680(h). However, a more detailed focus on the complaint will help to explain my concerns about the case.

The complaint states, among other things, the following allegations. Plaintiff Diane Hoot was not an employee or agent of the Government. The defendant through its agents and employees in 1979 and 1980 negligently failed and refused to provide medical and mental treatment to Kevin Firth, a soldier at Ft. Carson, Colorado, who on or about October 25, 1980, committed assault and battery against plaintiff. Sgt. Wilhite, Lt. Ronningen, and Platoon Sgt. Lang, Firth's immediate supervisors, were employees of the Government stationed at Fort Carson.

In 1979, well prior to the October 1980 assault on Diane Hoot, Firth knew he was mentally unbalanced as a result of suicidal ideations, *inter alia,* and sought mental health treatment at a health center in Colorado Springs. He was refused treatment because of his military status and encouraged to seek help through the Army.

Firth then asked for help through his immediate supervisor, Sgt. Ray, who took the necessary steps to obtain an appointment for Firth with the Army Community Services (ACS). Firth understood he needed an appointment to go to the ACS, open only during duty hours, and an appointment had to be arranged through his supervisors. When Firth appeared for his appointment he was screened by an unknown

---

rectly caused by an assault and battery by a government employee, it merely requires that the intentional tort have been the natural consequence of government negligence. The Supreme Court reversed *Shearer* with four justices rejecting the Third Circuit's reasoning. —— U.S. ——, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). The other four participating justices did not join in the Chief Justice's application of the "arising out of" provision of § 2680(h), but joined the decision to reverse on another ground.

In *Gibson v. United States,* 457 F.2d 1391 (3d Cir.1972), where the Third Circuit had earlier held that § 2680(h) was not a bar to a suit by a civilian instructor to recover for personal injuries inflicted by a known violent job corps enrollee. The attack was a foreseeable consequence of the government's failure to exercise due care and did not break the causal connection between the government's negligence and the victim's injuries. In *Underwood v. United States,* 356 F.2d 92 (5th Cir.1966), the Fifth Circuit held that the negligent release of a mentally ill airman allowed him access to weapons and was proximately connected with his killing his former wife. The court suggested that had the government asserted a bar under § 2680(h),

the court would not have found the section applicable to the situation before it. The reasoning in *Underwood* has since been seriously questioned by the Fifth Circuit. *See Garcia v. United States,* 776 F.2d 116, 118 (5th Cir.1985).

**3.** *Hughes v. Sullivan,* 514 F.Supp. 667 (E.D.Va. 1980), *aff'd sub nom, Hughes v. United States,* 662 F.2d 219 (4th Cir.1981) (per curiam) (alleged negligence of government in retaining employee was not proximate cause of assault; there would have been no assault except for separate and independent acts of employee); *United States v. Shively,* 345 F.2d 294 (5th Cir.), *cert. denied,* 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965) (negligence of government in issuing pistol to off-duty sergeant not proximate cause of his shooting former wife; however, not necessary to ruling whether every assault intervening between shown governmental negligence and injury to third party is barred by § 2680(h)); *Garcia v. United States,* 776 F.2d 116 (5th Cir.1985) (government waiver of sovereign immunity to be narrowly read; § 2680(h) requires dismissal of action alleging negligent supervision of military recruiter alleged to have sexually assaulted potential recruit).

private, "Jane Doe," and was refused access to a doctor.

Paragraph 12 of the complaint avers that "Firth's mental problems worsened; he irrationally fired a pistol round through the floor of a friends automobile; in the field he pulled a grease gun (automatic rifle) on a fellow soldier, and supervisors limited his access to weapons; and he was taking hallucenogenic drugs." In September or early October 1980, Firth knew he needed psychological or psychiatric help and approached his squad leader, Wilhite, who refused to allow him to leave duty to go to the ACS. Firth spoke to his commander, Lt. Ronningen, who advised Firth that he had a "short-timer's" problem, *i.e.*, he was on orders for Germany, and was shirking duty until he left. Finally, Firth approached Sgt. Lang, who also refused his request for mental health treatment and stated he would be "written up" if he went to the mental health facility. The private, "Jane Doe" who refused him access to a doctor, Wilhite, Lang and Ronningen were not qualified mental health professionals and it was negligence, the complaint avers, for them to refuse Firth access to professionals.

Further, it was alleged that on October 25, 1980, Firth entered the apartment of Diane Hoot in Colorado Springs while she was out. When she returned, she was physically assaulted by Firth, threatened with a deadly weapon, bound, held captive, eventually strangled into unconsciousness and left for dead. Among other things, the injuries alleged were bruises, a stroke, severe hemorrhaging in the eyes, ruptured vessels in the face area, permanent psychological injuries, loss of earnings and permanent impairment of earning ability, and physical and mental pain and suffering.

Paragraph 18 of the complaint alleges that the "occurrence was a direct and proximate result of the wrongful and negligent conduct of Defendant's employees in their failure and refusal to allow Kevin Firth access to mental health treatment." Further, paragraph 19 alleges that the injuries suffered were "a direct and proximate result of the negligence of the Defendant, through its agents and employees...." I R. 3.

As the Supreme Court has made clear, we must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–56, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. In light of this fundamental rule and the compelling factual circumstances averred, I am most reluctant to agree that this complaint should be dismissed as inevitably barred by § 2680(h) as one arising out of assault and battery. The complaint details repeated rejections of Firth's efforts to obtain psychiatric assistance and the rifle incident revealing his dangerous condition to his superiors before the attack and injuries occurred. This is a most convincing factual basis, as alleged, for the claim that the occurrence instead was a direct and proximate result of the wrongful and negligent conduct of the Government's employees. Moreover this is a case where a dismissal on motion should not be granted on the basis that the case arose out of an assault and battery. The facts that might be proved and the findings that might be made could most reasonably be found instead to actually arise out of the negligence of Firth's supervisors as a matter of actual fact and not merely of pleading, thus not being within the exception provided in § 2680(h).[1]

I am not sure that *Naisbitt v. United States*, 611 F.2d 1350 (10th Cir.1980), is distinguishable as the trial judge concluded.[2] In any event, however, I must agree

---

1. I am in accord with the persuasive dissent of Judge Pratt in *Johnson v. United States*, 788 F.2d 845, 855 (2d Cir.1986).

2. I note that the *Naisbitt* opinion stated in part:

Finally, the particular facts of this case lead to the conclusion that the tort which is the basis of the lawsuit was intentional and subject to § 2680(h) because it was, as a matter of law, an intervening force of such great

with the majority opinion in the instant case that *Wine v. United States,* 705 F.2d 366 (10th Cir.1983), does compel a reversal here. That opinion states that the Government admitted that the Air Force, through the airman's supervisors, had failed to provide psychiatric care to the off-duty airman involved in the incident and had placed unreasonable pressure and stress on him. I am unable to distinguish the instant case from *Wine.*

Accordingly, although I think that *Wine* was wrongly decided itself, and that the compelling allegations of the instant complaint should not be dismissed on motion, this panel is bound by *Wine* and I therefore reluctantly concur in the result.

magnitude that it rendered the negligence of the government in failing to control the assailants insignificant in comparison. The character of the act is so predominantly intentional that the negligence as a causal force is virtually nonexistent.

On the facts alleged in the instant case, the predominant cause might reasonably be shown to have been the repeated acts of negligence in denying Firth mental treatment.