judgment of the district court and remand the case for proceedings consistent with this opinion.

IT IS SO ORDERED.

## ORDER

On consideration of the petition for rehearing filed on March 1, 1988, in the above-entitled cause by the appellant, all of the judges on the original panel have voted to deny the petition for rehearing. Accordingly,

IT IS HEREBY ORDERED that the aforesaid petition for rehearing be, and the same is, DENIED.

Appellant's motion for application of Rule 36 is DENIED.

Appellee's motion for clarification of the taxation of costs is GRANTED. Each party shall bear its own costs of this appeal.

**John DOE, Alexis Doe, et al., Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 87–1436, 87–1437.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 1987.

Decided Jan. 21, 1988.

George R. Ripplinger, Jr., Ripplinger Dixon & Ver Steegh, Belleville, Ill., for plaintiffs-appellants.

Jerome A. Madden, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CUDAHY and MANION, Circuit Judges, and WILL, Senior

District Judge.[*]

CUDAHY, Circuit Judge.

Plaintiffs in these consolidated cases are two minor children and their parents. During the fall of 1984, the children were sexually molested by unknown parties while in the care of the Scott Air Force Base Day Care Center. It is not clear from the incomplete record on appeal whether the incidents occurred at the day care center or the children were removed from the premises during the day, assaulted, then returned.

Plaintiffs filed complaints with the appropriate administrative bodies. Those complaints were denied; so plaintiffs instituted the present action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1982) (the "FTCA"). The complaint alleged, in essence, that the government assumed a duty to care for the children and that it breached that duty, allowing the unidentified attacker to molest the youths. Child molestation is, of course, a form of assault and battery. After discovery failed to reveal the assailant's identity, the district court granted the government's summary judgment motion on the ground that plaintiffs failed to surmount the jurisdictional obstacle of the FTCA's assault and battery exception, 28 U.S.C. § 2680(h) (1982). Plaintiffs appeal the grant of summary judgment, and we now reverse.

## I.

Traditionally, for a number of reasons, the government was immune from suit for the torts of its agents. The FTCA was enacted to effect a broad waiver of sovereign immunity where injury to person or property is "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b) (1982). Section 1346(b) is a broad jurisdictional grant; it is, however, limited by certain exceptions contained in § 2680. The exception at issue here is

section 2680(h): "The provisions of this chapter and section 1346(b) of this title shall not apply to ... (h) Any claim arising out of assault, battery...." 28 U.S.C. § 2680 (1982). The central question on this appeal is whether the plaintiffs' claim "aris[es] out of" an assault or battery. In construing this imprecise language, "we should, on the one hand, give full scope to the Government's relinquishment of its historic immunity from suit, and on the other hand, avoid narrowing the provisions which set forth situations in which Congress has seen fit to retain that immunity." *Panella v. United States*, 216 F.2d 622, 624 (2d Cir.1954) (Harlan, J.). Fortunately, we do not write upon a blank slate. A number of courts have struggled with this issue, and we rely heavily upon their guidance.

■ In this case, the attacker is unidentified. The case might be much easier if we knew his identity. In *Panella*, 216 F.2d at 625, Judge (later Justice) Harlan held that the assault and battery exception does not bar claims based on assaults by persons not employed by the government. Although the statutory language does not compel that result, Judge Harlan stated that Congress did not intend the provision to embrace "actions whose entire legal foundation rests *solely* on the failure of the government to perform its duties." *Id.* (emphasis in original). In other words, when the claim against the government is based solely on its negligence, section 2680(h) should not apply. This narrow holding of *Panella* has been uniformly followed. *See, e.g., Brown v. United States*, 486 F.2d 284, 288–89 (8th Cir.1973); *Rogers v. United States*, 397 F.2d 12, 15 (4th Cir. 1968).

*Panella*, however, does not answer the question now before us. *Panella* is silent on the issue of when a claim is barred where the assailant is, or may be, a government employee. Plaintiffs argue that these assaults occurred due to the government's failure to supervise the *victims*. The identity of the assailant, they contend,

[*] The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

is irrelevant to their claims. The government, on the other hand, contends that the identity of the assailant is determinative of the jurisdictional question. Citing recent Supreme Court dictum in *United States v. Shearer*, 473 U.S. 52, 54–57, 105 S.Ct. 3039, 3042–43, 87 L.Ed.2d 38 (1985) (Burger, C.J., for four Justices),[1] it argues that if the attacker was a government employee, the claim is barred. The defendant urges us to draw an absolute line between employee and non-employee attackers, barring *all* claims where the assailant is a government employee.

## II.

We respect the government's proffered approach. Its ease of application is obvious; nonetheless, it cuts too rough a path and unnecessarily thwarts apparent congressional intent. Hence, we join every court to have decided the narrow question presented here in creating a less extreme, yet unambiguous, rule.[2]

It is helpful to reformulate the precise issue before us. The question is whether a claim based solely on the breach of an affirmative duty to the victim, expressly assumed by the government, is barred by section 2680(h) where that breach leads to an assault by a government employee. The two courts to directly reach this question have held that the claim is not barred. *See Doe v. Scott*, 652 F.Supp. 549 (S.D.N.Y. 1987); *Loritts v. United States*, 489

F.Supp. 1030 (D.Mass.1980); *see also Johnson v. United States*, 788 F.2d 845, 853 n. 8 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 315, 93 L.Ed.2d 288 (1987).

The facts of *Scott* are almost identical to this case. Children were molested at the West Point Child Development Center, allegedly due to governmental failure to adequately supervise the victims. *Scott*, 652 F.Supp. at 550. The alleged attackers included both government employees and non-employees. *Id.* In holding that the assault and battery exception did not apply under the circumstances, the court emphasized the special relationship between the government and the victim, the fact that "the Government assumed a duty to safeguard the infant plaintiffs long before the events giving rise to this action." *Id.* at 551.[3]

Likewise, in *Loritts* the court found section 2680(h) inapplicable where "West Point voluntarily undertook the task of providing escorts to the choral group of which plaintiff was a member." *Loritts*, 489 F.Supp. at 1031. After assuming that duty, the government failed to provide an escort for plaintiff's walk to her sleeping quarters; she was assaulted and raped by an academy cadet. *Id.* As in this case, the government voluntarily assumed a duty to the victim *prior* to the assault. The assault resulted from the breach of that duty, which arose from the special relationship between the government and the victim.

---

**1.** In *Shearer*, the victim was an off-duty soldier murdered by another serviceman. The victim's mother brought an FTCA action, alleging the government was negligent in supervising the attacker, who had a record of past violent acts. 473 U.S. at 53–54, 105 S.Ct. at 3041–42. The Court, in an opinion by Chief Justice Burger, held that jurisdiction was barred by the *Feres* doctrine. *See Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Chief Justice Burger also stated that the claim would be barred by the FTCA's assault and battery exception, in a section of the opinion joined by three other Justices. 473 U.S. at 54–57, 105 S.Ct. at 3042–43. Justice Brennan filed a brief opinion, joined by Justice Blackmun and Stevens, concurring in the judgment on *Feres* doctrine grounds and joining that part of the opinion. *Id.* at 59, 105 S.Ct. at 3044. Justice Marshall also concurred in the result and joined the *Feres* doctrine portion of the opinion. *Id.* at 60,

105 S.Ct. at 3044. Justice Powell took no part in the decision. *Id.* at 59, 105 S.Ct. at 3044. Only Justices Rehnquist, O'Connor and White joined the FTCA portion of Chief Justice Burger's opinion.

**2.** Several commentators have urged rejection of a rigid employee/non-employee rule. *See* Note, *Torts—The Talismanic Language of Section 2680(h) of the Federal Tort Claims Act*, 60 Temp. L.Q. 243 (1987); Note, *Section 2680(h) of the Federal Tort Claims Act: Government Liability for the Negligent Failure to Prevent an Assault and Battery by a Federal Employee*, 69 Geo.L.J. 803 (1981).

**3.** The Court distinguished *Shearer* and other cases where the claim was based on negligent supervision of the *tortfeasor*. *Scott*, 652 F.Supp. at 551. See our discussion of this distinction, *infra* pp. 223–24.

■ The lesson of these cases is clear. Where the government affirmatively assumes a duty to the victim prior to the assault, and the government breaches that duty causing injury to the victim, we cannot say that her claim arises out of the assault. Rather, it arises out of the breach of that affirmative duty. "The occurrence of the actual assault and battery thus serves only to establish the *extent* of the plaintiff's injury, not to establish the [government's] breach of duty." *Thigpen v. United States*, 800 F.2d 393, 399 n. 10 (4th Cir.1986) (Murnaghan, J., concurring in the result) (emphasis added). In this case, the duty was breached and the claim arose when the government allegedly left the children alone, neglecting its voluntarily assumed duty to watch and protect them. The fact that they were assaulted only serves to show the damage from that neglect.

■ A hypothetical may help to illustrate this point. If John and Alexis Doe had not been sexually assaulted, but instead had wandered into the street and been struck by a government employee's car, it is undisputed that they could sue the government based on its negligence in allowing the children to wander away unsupervised. This claim would be allowed regardless of whether the driver was negligent and, for that matter, without any reference to the quality of the driver's conduct. The government admits this; yet, it would have us believe that Congress intended this suit, based on the very same negligent act, to be barred solely because the negligence led to an assault, which *might* have been committed by a government employee. This argument is absurd. The government offers no principled basis for the distinction it urges us to draw. We will not infer congressional irrationality unless something in the statute, the legislative history or the case law compels that result.

## III.

The statutory language, "arising out of assault," is certainly broad enough to support the government's reading. One could read it to be boundless, to capture any claim tangentially related to an assault; however, the courts have long recognized that this language must be construed in light of the entire statute, to effect its purposes. *See, e.g., Panella*, 216 F.2d at 624; *see also Shearer*, 473 U.S. at 56–57, 105 S.Ct. at 3042–43. The most obvious example of this is *Panella*. In that case, Judge Harlan limited section 2680(h)'s scope to assaults by government employees. *Panella*, 216 F.2d at 625. He did so because to read the statute literally would remove jurisdiction for actions "whose entire legal foundation rests *solely* on the failure of the Government to perform its duties." *Id.* (emphasis in original).

That same argument favors the construction we give the statute in this case. Here the claim arises *solely* due to the government's alleged neglect of the children. In fact, the unique facts of this case make that point crystal clear. No one knows who assaulted John and Alexis Doe. Plaintiffs may prevail in this case without ever proving who committed the assaults, because the claim arises from the relationship between the government and the *victim*, not the government and the tortfeasor.

Further, the legislative history is not inconsistent with this construction. That history has been described as "meagre," *Panella*, 216 F.2d at 625, and "sparse," *Shearer*, 473 U.S. at 55, 105 S.Ct. at 3042. To the extent that it is at all helpful, it points toward the notion that Congress used the broader section 2680(h) language so that plaintiffs could not disguise *respondeat superior* claims as "negligent supervision" claims, sneaking them in through the courthouse back door. *See Shearer*, 473 U.S. at 55, 105 S.Ct. at 3042.

Under the rule as we apply it, there is no risk of such selective pleading. In *Shearer* and other "negligent supervision" cases, the alleged duty of the government to the victim arises only at the time of the assault and because of the assault. *See, e.g., Thigpen*, 800 F.2d at 398 (Murnaghan, J., concurring in the result) ("The law does not impose a general affirmative duty, applicable to all members of the public, to act to

protect a person in peril from the intentional harmful conduct of another."); *see also Scott,* 652 F.Supp. at 551 ("In [negligent supervision] cases the relationship between the victim and the Government arose only at the point of the alleged assault and solely because of the assault."). If not for section 2680(h), the plaintiff would bring a *respondeat superior* action. Take away the assault and there is no duty and no breach, two central elements of a negligence claim. There is no negligence claim that does not "arise out of" the assault.

Here, by contrast, if we remove the assault from the equation, the government's duty still exists. That duty was assumed prior to and independent of the assault. Likewise, the breach occurs regardless of the assault. The breach of duty was the government's alleged failure to supervise the children in its care. This negligence claim is based on a duty and breach separate from the assault. The line we draw is clear and firm, and it serves the dual congressional purposes of allowing legitimate independent negligence claims while foreclosing disguised *respondeat superior* claims.

The government cites numerous cases to support its position in this matter, but every one of those cases involves allegations of negligent supervision or negligent hiring of the *tortfeasor. See, e.g., Shearer,* 473 U.S. at 54, 105 S.Ct. at 3041; *Sheridan v. United States,* 823 F.2d 820 (4th Cir.1987); *Thigpen,* 800 F.2d at 394; *Miele v. United States,* 800 F.2d 50 (2d Cir.1986); *Hoot v. United States,* 790 F.2d 836, 837 (10th Cir. 1986); *Johnson,* 788 F.2d at 847; *Satterfield v. United States,* 788 F.2d 395 (6th Cir.1986); *Garcia v. United States,* 776 F.2d 116, 116–17 (5th Cir.1985). Those cases, all driven by the concern with disguised *respondeat superior* claims, are distinguishable on their facts. *See Scott,* 652 F.Supp. at 551. In none of these cases did the government assume an affirmative

duty to protect the plaintiff prior to the assault. Indeed, the only nexus between the government and the plaintiff was the assault itself.

Several cases cited by the government contain language supporting our result in this case. In *Johnson,* for example, the Second Circuit distinguished a case where "[t]he negligence alleged ... was independent of the government's supervision of its employees and the fact that an employee, rather than a non-employee, committed the assault was 'fortuitous.'" *Johnson,* 788 F.2d at 853 n. 8 (citing *Loritts,* 489 F.Supp. 1030).[4] Thus, the *Scott* court found that its holding was consistent with *Johnson* and *Shearer. Scott,* 652 F.Supp. at 551–52. Further, in his *Thigpen* concurrence, Judge Murnaghan states that "the United States may assume an affirmative duty to protect a plaintiff from the violent conduct of others by entering into a special relationship with that plaintiff." *Thigpen,* 800 F.2d at 399 (Murnaghan, J., concurring in the result).

Finally, we should note that nothing in this opinion is inconsistent with Chief Justice Burger's opinion in *Shearer,* 473 U.S. 52, 105 S.Ct. 3039. That opinion is, of course, dictum, since it is only joined by three other Justices and the case was decided on other grounds. Nonetheless, a number of courts have found its reasoning persuasive. *See, e.g., Thigpen,* 800 F.2d at 395; *Hoot,* 790 F.2d at 838; *Garcia,* 776 F.2d at 117. *But see Kearney v. United States,* 815 F.2d 535, 536 (9th Cir.1987) (refusing to follow *Shearer* dictum); *Bennett v. United States,* 803 F.2d 1502, 1503 (9th Cir.1986) (same). As noted above, *Shearer* involved negligent supervision of a tortfeasor and Chief Justice Burger was primarily concerned with disguised *respondeat superior* claims. *See supra* p. 224. Our analysis here respects that concern and remains consistent with the holdings of

---

4. There is some broad language in *Johnson* to the effect that section 2680(h) bars any claim where the injuries are caused by an assault. *See* 788 F.2d at 850. Nonetheless, the opinion read in its entirety makes clear that the court was concerned only with claims of negligent super-vision of the tortfeasor. *See id.* at 854 n. 8 (distinguishing cases that "did not involve solely allegations of negligent supervision where the scope of the negligence only encompasses assault by a government employee").

prior cases while reconciling past decisions and furthering the FTCA's goals.

## IV.

To reiterate today's narrow decision, we hold that where the government affirmatively assumes a duty to protect a person prior to and independent of any assault, and where an alleged breach of that duty leads to an assault on the person, whether or not by a government employee, the claim arises out of the government's negligence, and 28 U.S.C. § 2680(h) does not bar the cause of action. Therefore, summary judgment was improperly granted in this case. We reverse and remand the cause for proceedings consistent with this opinion.

REVERSED AND REMANDED.

MANION, Circuit Judge, dissenting.

I respectfully dissent from the majority's conclusion that the plaintiffs can bring their claims against the United States. The district court correctly concluded that plaintiffs failed to establish jurisdiction under the Federal Tort Claims Act and properly entered summary judgment in favor of the government. I would affirm.

The Federal Tort Claims Act waives the federal government's sovereign immunity to suits for injuries to persons or property that would otherwise be recoverable under state tort law. 28 U.S.C. § 1346(b). That waiver is qualified by 28 U.S.C. § 2680(h) which bars suits against the United States for "[a]ny claim arising out of assault [or] battery...." As an exception to the government's waiver of sovereign immunity, § 2680(h) is jurisdictional in nature, *see Johnson v. United States*, 788 F.2d 845, 850 (2d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986), and all ambiguities must be resolved in favor of the government. *Thigpen v. United States*, 800 F.2d 393, 394 (4th Cir.1986). "Only when Congress has clearly and unequivocally expressed its consent to suits against the United States may courts entertain such actions." *Id.* (citing *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)).

As the party invoking the district court's jurisdiction, plaintiffs had to establish that § 2680(h) did not bar their claims. *See generally Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). Plaintiffs could have met this burden by showing that their negligence claims "arose out of" an assault committed by a person who is *not* employed by the government. *See Panella v. United States*, 216 F.2d 622, 624–26 (2d Cir.1954) (Harlan, J.); *see also United States v. Shearer*, 473 U.S. 52, 56–57, 105 S.Ct. 3039, 3042–43, 87 L.Ed.2d 38 (1985) (plurality). Because the plaintiffs did not meet their preliminary burden of establishing that someone other than a government employee committed the assault, the district court correctly entered judgment in favor of the government.

In *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), a four-member plurality of the eight sitting justices stated that the assault and battery exception barred a suit, brought by the survivor of a serviceman, which alleged that the government negligently failed to prevent the serviceman's kidnap and murder by another serviceman. Writing for the plurality, Chief Justice Burger reasoned:

> The Federal Tort Claims Act's waiver of sovereign immunity does not apply to '[a]ny claim arising out of assault [or] battery,' 28 U.S.C. § 2680(h), and it is clear that respondent's claim arises out of the battery committed by [the serviceman guilty of murder]. No semantical recasting of events can alter the fact that the battery was the immediate cause of [the victim's] death and, consequently, the basis of respondent's claim.
>
> Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee.

Thus, 'the express words of the statute' bar respondent's claim against the government. *United States v. Spelar*, 338 U.S. 217, 219 [70 S.Ct. 10, 11, 94 L.Ed. 3] (1949).

473 U.S. at 54–55, 105 S.Ct. at 3042 (plurality opinion) (emphasis in original). Although the four other justices participating in the case failed to join in this portion of the Chief Justice's opinion, none of them wrote separately on this issue. Rather, these justices simply agreed with an alternative ground for decision in the Chief Justice's opinion—that the claims were also barred by the *Feres* doctrine (barring claims by servicemen that arise out of or in the course of activity incident to service).

The plurality opinion in *Shearer* is not an isolated view on this issue. Except for the Ninth Circuit, *see Kearney v. United States*, 815 F.2d 535, 537 (9th Cir.1987) (§ 2680(h) does not bar claim based on alleged negligent supervision that resulted in sexual assault and murder by a serviceman), all the circuits addressing this issue have held that § 2680(h) bars such claims. *See Thigpen v. United States*, 800 F.2d 393 (4th Cir.1986) (§ 2680(h) bars negligence claims by minor patients in naval hospital who were sexually assaulted by naval corpsman who had entered the Navy in lieu of serving a sentence for indecency with a child); *Johnson v. United States*, 788 F.2d 845 (2d Cir.1986) (§ 2680(h) bars claim based on negligent supervision of postal worker who sexually assaulted a child); *Satterfield v. United States*, 788 F.2d 395, 399–400 (6th Cir.1986) (§ 2680(h) bars negligent supervision and negligent failure to warn claims brought by estate of serviceman beaten to death by three off-duty servicemen); *Garcia v. United States*, 776 F.2d 116 (5th Cir.1985) (§ 2680(h) bars claim based on negligent supervision of military recruiter who sexually assaulted a potential recruit); *Wine v. United States*, 705 F.2d 366, 367 (10th Cir.1983) (§ 2680(h) bars claim based on negligent supervision of serviceman who shot and sexually assaulted plaintiff).

The majority states that it does not matter whether the assault was committed by a government employee because the claims are based on the breach of an "affirmative duty" arising out of a "special relationship" between the government and the victim prior to the assault. This distinction has no foundation in the statutory language. Section 2680(h) plainly and unambiguously bars claims "arising out of assault [or] battery." It does not exempt negligence claims arising from breaches of "affirmative duties" imposed as a result of "special relationships." *See Thigpen*, 800 F.2d at 395–96 (rejecting "affirmative duty" distinction in cases where minor patients were sexually assaulted after being placed in the care of a naval hospital). By focusing on the government's duty the majority fails to take into account that the plain language of the statute focuses on the *immediate cause* of the injuries, not the actions of remote individuals. As the Second Circuit stated in *Johnson:*

> The statute's plain language, 'arising out of,' reflects an intent by Congress to bar a suit against the government for injuries *caused by* a government employee's commission of an assault and battery. It is equally clear that the claim here is for injuries caused by the employee's assault and battery and that, absent the assault and battery, no claim could exist. The scope of § 2680(h) is a matter of federal law. To permit such a claim to be stated in terms of a negligence theory based on prior foreseeability would defeat Congress' purpose in enacting § 2680(h). The claim, although stated in terms of negligence, would still be for injuries caused by and arising out of the assault and battery.

788 F.2d at 850–51 (citations omitted) (emphasis in original).

The majority's "affirmative duty" distinction also cannot be reconciled with the plurality's reasoning in *Shearer* or with *Thigpen, Johnson, Satterfield, Garcia* and *Wine.* In each of those cases plaintiffs sought relief based upon a breach of an "affirmative duty" to protect them from the acts that resulted in their injuries. As the majority notes, the law does not impose a general duty on individuals or entities to protect persons from the intentional torts

of another. *See Prosser and Keeton on Torts*, § 56 at 373–85 (5th ed. 1984). In negligence cases seeking recovery for an assault by a third party, the plaintiff must establish that the allegedly negligent defendant had an affirmative obligation to take steps to prevent the assault. Without establishing some "affirmative duty" there is no duty and, therefore, no negligence. While plaintiffs argue in terms of "relationships" between the government, the attacker and the victims, such relationships only go to whether an "affirmative duty" exists and the extent of that duty. Those relationships do not change the nature of the tort theory under which relief is sought or the immediate cause of the injuries.

The majority attempts to distinguish the numerous decisions holding that § 2680(h) bars negligent supervision claims arising out of an assault or battery on the ground that those decisions involved negligent supervision of the tortfeasor, not the victim. Although the majority has succeeded in creatng a factual distinction between this case and other appellate decisions, the distinction has no relevance under the statute. The statute unambiguously bars *any* claim arising out of an assault or battery. It does not permit a distinction between various negligent supervision claims. *Cf. Shearer*, 473 U.S. at 55, 105 S.Ct. at 3042 ("There is no indication that Congress distinguished between 'negligent supervision' claims and *respondeat superior* claims, with only the latter excluded under the Act. Instead it appears that Congress believed that § 2680(h) would bar claims arising out of a certain type of factual situation—deliberate attacks by Government employees.")

Finally, I do not believe that the hypothetical example of the child who wanders out into the street demonstrates the "absurdity" of the government's position. If the child is accidentally struck by a car, her injuries do not "arise out of" an assault or battery. If the child is sexually assaulted, her injuries do "arise out of" an assault and battery. This distinction is mandated by the statutory language and is reasonable.

The assault and battery exception prevents the Federal Treasury from acting as a deep pocket for intentional torts committed by government employees. The exception is drawn broadly to prevent the government from paying for the same damages simply because plaintiffs recast their claims in negligence to recover based on the actions of other, less culpable employees. While the majority's "exception-to-the-exception" may be a reasonable policy choice, Congress, not the courts, must make that choice by amending the statute.