**Melvin WILSON, Plaintiff,**

v.

**UNITED STATES PUBLIC HEALTH SERVICE, Defendant.**

**No. 89 C 8593.**

United States District Court,
N.D. Illinois, E.D.

Dec. 13, 1989.

Melvin Wilson, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Melvin Wilson ("Wilson"), an inmate in the custody of the Illinois Department of Corrections ("DOC"), asks leave to file this action without payment of the filing fee. Wilson's pro se Complaint seeks damages against the United States Public Health Service ("Service") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680 ("FTCA").[1] Because the Complaint is frivolous as a matter of law, Wilson's motion for leave to file in forma pauperis is denied and this action is dismissed.

This is the second time Wilson has visited this Court with his FTCA claim against Service—his earlier Complaint and action tendered under Case No. 89 C 2163 were dismissed in this Court's April 14, 1989 memorandum opinion and order (the "Opinion") for Wilson's failure to exhaust his administrative remedies. After that dismissal Wilson submitted his administrative claim to the Department of Health and Human Services ("Department"). Finding no evidence of a negligent or wrongful act by a federal employee, Department denied Wilson's claim on July 21, 1989. With Department's final determination of his claim in hand, Wilson has resubmitted his FTCA claim to this District Court.

In dismissing Wilson's first suit, Opinion at 1–2 remarked on the rather confused nature of Wilson's allegations:

Wilson's Complaint is somewhat opaque. From attached documents it appears the suit has its genesis in a contract between Service and the Illinois Department of Corrections for a study on the transmission of HTLV–III/LAV among adult male inmates in correctional facilities. Although Wilson complains Service is conducting experiments on prisoners, he does not provide any information as to the exact nature and methodology of these experiments. Nor does he specify any particular injury. While his allegations are rather disjointed, Wilson appears to contend the experimentation conducted pursuant to the contract has resulted in his exposure to the virus responsible for AIDS. Exactly how this occurred is left a mystery.

Although Wilson has remedied the procedural exhaustion problem this Court found in his first Complaint, he has not made the factual basis for his claim any clearer.

Once again Wilson charges Service with "conducting human experimentation" on prisoners within DOC custody. Additionally he alleges Service staff is forcing known AIDS carriers to cell with other inmates. But he offers no allegations to indicate how or whether he personally was subjected to some form of medical experimentation or forced to share a cell with a known AIDS carrier.[2] Absent some such showing of personal injury, Wilson has no basis for suit under the FTCA.[3]

Those deficiencies might perhaps be cured by repleading. But even if that were

---

1. All further citations to FTCA and other provisions of Title 28 will simply take the form "Section—."

2. This is not, of course, to suggest the substitution of a regime of fact pleading for the notice-pleading approach embodied in the Federal Rules of Civil Procedure. Nor is this Court unmindful of the teaching of *Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact"—this Court has consistently (even pre-*Neitzke*) applied that concept and the generous reading called for by *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) to give pro se in forma pauperis plaintiffs every

benefit of the doubt in reading their self-prepared pleadings. But neither those cases nor any other controlling authority calls for such a plaintiff to gain access to the federal courts based only on the kind of end-result conclusory statements that Wilson submits here. Having said that, however, this Court would still grant Wilson the opportunity to correct what seems a curable defect if that were the only hurdle he confronted here.

3. Even if Wilson *were* in fact to allege specifically that he was forced to share a cell with an inmate with AIDS, it is doubtful that he would have a cognizable claim. Several courts have rejected the notion that failure to segregate inmates with AIDS from other inmates is itself a constitutional tort actionable under 42 U.S.C. § 1983 (see *Feigley v. Fulcomer,* 720 F.Supp. 475,

done, Wilson would still fail because his FTCA Complaint is fatally deficient in another respect: Wilson fails to allege any act of negligence by an employee of the federal government. Except as FTCA alters the traditional rule of sovereign immunity, the United States cannot be called to task for torts of its agents (*Doe v. United States,* 838 F.2d 220, 221 (7th Cir.1988)). Section 1346(b) waives that immunity as to damage actions against the United States:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful action or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

 As "employee of the Government" is used in Section 1346(b), that term includes officers and employees of any federal agency but excludes "any contractor with the United States" (Section 2671). Wilson's Complaint identifies no wrongful conduct on the part of Service or any other federal agency or employee. Instead Wilson's real grievance is not against Service but rather against DOC in its performance of its governmental contract:

> 1. All three numbered paragraphs in the Complaint section entitled "Legal Claim" levy charges of unprofessional conduct, fraud and deceit and negligence only against Illinois and its agencies.
>
> 2. In like fashion, the Complaint's "Nature of Claim" section refers only to acts of DOC.[4]

To the extent the Complaint may be read to allege tortious conduct by the State or DOC officials, Wilson's remedy is through the action he has filed in the Illinois Court of Claims. But to maintain *this* action Wilson must allege wrongful conduct on the part of a federal employee or agency.[5] Having failed to do so, he has no viable claim for relief under FTCA.

Accordingly this Court concludes the Complaint lacks any arguable basis in law or in fact and is thus "frivolous" in the legal sense defined in *Neitzke.* Wilson's motion for leave to file in forma pauperis is therefore denied and this action is dismissed with prejudice pursuant to Section 1915(d) (*Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 758 (7th Cir.1988)).

---

482 (M.D.Pa.1989); *Traylor v. Lane,* 1988 WL 93479, 1988 U.S.Dist. LEXIS 9733, at 4–5 (N.D. Ill.)). Nothing suggests that the standard for a right of action against the United States under FTCA would be any more lenient.

**4.** Wilson alleges that DOC monitors inmates who are at high risk for developing AIDS by giving them a physical examination every three months. That facially benign and beneficial program appears to be the source of Wilson's medical experimentation claim.

**5.** Of course Service could be held liable for DOC's acts if the terms of its contract with DOC vested Service with the power to direct or con-

trol the detailed physical performance of DOC's work under the contract (*United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976); *Quilico v. Kaplan,* 749 F.2d 480, 482–83 (7th Cir.1984) (labeling the independent contractor standard "the strict control test")). Although Wilson apparently has acquired a copy of the contract through Freedom of Information Act requests, he makes no such allegations here. At most Wilson alleges Service designed a protocol to use inmates as guinea pigs for medical experimentation. That is not enough to make the government liable under FTCA (see *Barrett v. United States,* 660 F.Supp. 1291, 1313–15 (S.D.N.Y.1987)).