**Patrick KEARNEY, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America,
Defendant-Appellee.**

**No. 85–6393.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1986.

Decided April 17, 1987.

Karl Seuthe, Kathy B. Seuthe, Los Angeles, Cal., for plaintiff-appellant.

Shari K. Silver and Stephen E. O'Neil, Los Angeles, Cal., for defendant-appellee.

Before GOODWIN, TANG and FLETCHER, Circuit Judges.

GOODWIN, Circuit Judge:

Patrick Kearney appeals a summary judgment for the defense, applying the assault and battery exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h), to bar recovery from the government for the wrongful death of his wife, Sheree, at the hands of Army Private Jaime Medrano.

In August 1980, Medrano had been assigned to the Army Retraining Brigade at Camp Funston, Fort Riley, Kansas, for an undisclosed military violation and while so assigned was arrested and charged with the rape of an army enlisted woman.[1] After investigation, the army restricted Medrano to his barracks, the mess hall and the orderly room. For the purposes of this case, Medrano was a prisoner in custody.

On October 5, 1980, while still under restriction, Medrano caused a cadre[2] person named Pooler to supply him with civilian clothes in violation of military regulations. Then, Pooler and another cadre per-

---

1. Camp Funston includes an army correctional facility for prisoners convicted of military offenses.

2. The record refers to "cadre" to distinguish the permanent "training" staff from the transient population of "trainees."

son drove Medrano off the base to Junction City, Kansas, where Medrano met the decedent, Sheree Kearney. Pooler accompanied Medrano and Mrs. Kearney back to the base, but did not remain with them.

Although several witnesses later heard a commotion and discerned that a struggle was occurring between Medrano and Mrs. Kearney, no one investigated. Several hours later, an anonymous person reported a woman's body near the area where the sounds of struggle had been heard. An autopsy revealed that Mrs. Kearney had received blows to the head, was strangled and sexually abused. Patrick Kearney brought this action against the government for its negligent supervision of Medrano which, he claimed, proximately caused his wife's death.

In determining that the assault and battery clause of the Federal Tort Claims Act (28 U.S.C. 2680(h)) barred Mr. Kearney's action, the district court ruled that the Supreme Court decision in *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), controlled. The matter is not that simple.

*Shearer* involved a wrongful death action brought under the FTCA by the mother of an active-duty serviceman who had been kidnapped and murdered by another active-duty serviceman. Four justices expressed the view in dicta that 28 U.S.C. § 2680(h), which prohibits recovery from the government for injuries "arising out of an assault and battery," barred the mother's claim.

But the decision actually turned on the *Feres* doctrine. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), involved a wrongful death action brought by the mother of a soldier killed in a fire while asleep in his barracks. There, the Supreme Court held that a soldier's survivors could not recover under the FTCA for injuries arising out of, or in the course of, activity incident to the victim's service in the armed forces. *See id.* at 146, 71 S.Ct. at 159.

In applying the *Feres* doctrine to the facts in *Shearer,* the Court commented, at length, upon the policies behind the doctrine:

> *Feres* seems best explained by the "peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty." *United States v. Muniz,* 374 U.S. 150, 162 [83 S.Ct. 1850, 1858, 10 L.Ed.2d 805] (1963), quoting *United States v. Brown,* 348 U.S. 110, 112 [75 S.Ct. 141, 143, 99 L.Ed. 139] (1954).

105 S.Ct. at 3043.

We distinguished *Shearer* in *Bennett v. United States,* 803 F.2d 1502 (9th Cir.1986). Parents in *Bennett* brought an action for damages on behalf of their children who had been sexually abused by a teacher the government negligently hired and negligently entrusted with the care of the children. We held that § 2680(h) did not apply and that *Shearer* did not bar the action because of its "military-service basis for the denial of tort relief." *Id.* at 1503. As was true in *Bennett,* the victim in the case at bar was not a member of the uniformed services and thus there is no need to consider the *Feres* doctrine.

The difficult question in this case is whether Congress intended by the assault and battery exception to bar this kind of action against the federal government when the alleged harm resulted from the government's own negligence in failing to supervise properly a prisoner confined to barracks. As we indicated in *Bennett, Shearer* gives no definitive answer, and the historical evidence of Congressional intent is not very clear. 803 F.2d at 1504. The purpose of the Federal Tort Claims Act is to provide a remedy to citizens injured by governmental negligence in circumstances in which the same act of negligence would impose liability under state law, but for governmental immunity. On the other hand, it is clear that with federal employees numbering in the millions, Congress did not want the treasury to be the ultimate deep pocket for every plaintiff injured in an

altercation with a federal employee. *See Jablonski by Pahls v. United States,* 712 F.2d 391, 395 (9th Cir.1983) (policy underlying subsection 2680(h) was to insulate the government from liability for acts it was powerless to prevent or which would make defense of a lawsuit unusually difficult).

The courts construing § 2680(h) have given effect to these aims by interpreting the subsection as shielding the government from respondeat superior liability for batteries by employees, not from the consequences of its own negligence. *See Bennett,* 803 F.2d at 1503–04. Thus, courts have drawn a line that preserves government immunity from liability for those batteries committed by government employees including members of the armed forces, guards, and police officers, while imposing liability upon the government for those batteries committed by persons under government control who are negligently supervised or controlled, such as patients, *see, e.g., Jablonski,* 712 F.2d 391; *Underwood v. United States,* 356 F.2d 92 (5th Cir. 1966), prisoners, *see, e.g., United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Rogers v. United States,* 397 F.2d 12 (4th Cir.1968), and, in rare cases, employees known to be dangerous. *See Bennett,* 803 F.2d 1502; *Gibson v. United States,* 457 F.2d 1391 (3d Cir. 1971). We see no principled reason to permit recovery when the government has been negligent in supervising nonemployees, but to deny recovery, as the district court did in this case, when the government has been negligent in supervising an employee. *Bennett,* 803 F.2d at 1504.

In the case at bar, the murder probably included an assault and battery. But the liability of the government is not predicated on *respondeat superior* liability for the soldier's murder of Kearney, but on the negligence of the government itself. The negligence in this case was that of the government in placing a known predator in such loose custody that he could, with the aid of a few dollars in bribes and two

wholly incompetent, if not corrupt, government employees, escape from custody and commit a murder while awaiting trial for other violent crimes.

Even if Congress intended to distinguish between the imposition of liability for the government's negligence in its supervision of employees from the imposition of liability for the government's negligence in its supervision of nonemployees, imposition of liability is proper in this case because Medrano's status was that of a prisoner previously awaiting trial for an offense committed while a prisoner at the time of the murder, even though he was also an employee of the United States. Unless Congress intended sovereign immunity to bar recovery from the federal government for the government's own negligence in all claims arising out of an assault or battery, the assault and battery clause should not permit the government to escape the consequences of its negligence in this case.

We recognize that there are conflicting lines of authority.[3] The Tenth Circuit, constrained by its own precedent in *Wine v. United States,* 705 F.2d 366 (10th Cir.1983), recently held that the United States is not liable for supervisory negligence where an employee, there a member of the armed forces, battered a nonmilitary victim. *Hoot v. United States,* 790 F.2d 836 (10th Cir.1986). *See also Thigpen v. United States,* 800 F.2d 393, 396 (4th Cir.1986) ("So long as the factual predicate of the claim is one of assault and battery, adroit pleading of negligence or breach of duty on the part of government supervisors will not suffice to circumvent the statutory mandate."); *Miele by Miele v. United States,* 800 F.2d 50 (2d Cir.1986) (claim of negligent supervision resulting in a soldier's throwing acid in a child's face barred by assault and battery exception); *Johnson by Johnson v. United States,* 788 F.2d 845, 851 (2d Cir.) (" 'arising out of assault [and] battery' bars claims where the injuries result directly from the assault and battery."), *cert. de-*

---

3. An excellent short discussion of the cases is found in *Garcia v. United States,* 776 F.2d 116 (5th Cir.1985) (holding claims alleging negligent

failure to prevent an assault by a government employee are barred by § 2680(h)).

*nied,* —— U.S. ——, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986).

We hold that on a motion for summary judgment, where the government's own negligence is alleged as a proximate cause of the injury, the government cannot claim the *respondeat* immunity that § 2680(h) affords it in cases where the injury arises out of a battery by a government employee.

Reversed and remanded.