Lelia MORRILL, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 86–6412.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 1987 *.

Decided July 15, 1987.

Maynard O. Kartvedt, Michael Rogers, El Cajon, Cal., for plaintiff-appellant.

Kathryn A. Snyder, San Diego, Cal., for defendant-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before KENNEDY and PREGERSON, Circuit Judges, and McKIBBEN,** District Judge.

PER CURIAM:

Lelia Morrill appeals the dismissal of her action for lack of jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 (FTCA). We reverse and remand for further proceedings.

BACKGROUND·

The U.S. Navy hired Lelia Morrill to perform as a "Go-Go Dancer" at the Enlisted Men's Club at Miramar Naval Air Station. On October 1, 1980, during a break in one of her performances, Morrill was beaten and raped in the women's restroom by an enlisted man, Elton Squirewell.

Morrill sued the United States, as the owner and operator of the club and air base, under the FTCA, for negligent failure to prevent the assault. Morrill contends that the restroom was unattended and unsecured, and that the Navy failed adequately to supervise the enlisted men at club. She contends that alcohol was served at the club, that obstreperous behavior was permitted, and that the combination of drunken sailors and a scantily clad performer was explosive. Morrill also contends that the Navy knew or should have known of her assailant's prior arrests for rape.

The district court dismissed Morrill's First Amended Complaint for lack of subject matter jurisdiction based on governmental immunity for claims arising out of assault and battery. 28 U.S.C. § 2680(h). This appeal followed.

DISCUSSION

A district court's dismissal of a complaint for lack of subject matter jurisdiction is reviewed de novo. Bon v. United States, 802 F.2d 1092, 1094 (9th Cir.1986).

---

** Honorable Howard D. McKibben, United States District Judge, District of Nevada, sitting by designation.

The sole issue on appeal is the application of section 2680(h) of the FTCA, which provides an exception to the waiver of governmental immunity for certain intentional torts. Section 2680(h) provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> . . . .
>
> (h) Any claims arising out of *assault, battery,* false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . .

28 U.S.C. § 2680(h) (emphasis added).

Appellee United States asserts that section 2680(h) bars Morrill's claim for negligence because her claim "arises out of" the assault. The government cites *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), in which four of the justices said that "arising out of" indicated a Congressional intent to bar claims for supervisory negligence where there would have been no claim without an assault and battery. *Id.* at 55, 105 S.Ct. at 3042. Because *Shearer* turned on the *Feres* doctrine (*Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)) and not on section 2680(h), this court has twice before declined to accept the statement of four members of the *Shearer* court as controlling. *See Bennett v. United States,* 803 F.2d 1502 (9th Cir.1986); *Kearney v. United States,* 815 F.2d 535 (9th Cir.1987).

In *Bennett,* parents of children who had been sexually molested by a teacher employed at a Bureau of Indian Affairs school sued the government for negligence under the FTCA. We held that the exception in section 2680(h) for tort claims "arising out of assault [or] battery" did not insulate the government from liability where its own negligence was the proximate cause of the injury. 803 F.2d at 1503.

In *Kearney,* the husband of a woman allegedly murdered by an army private sued the government for wrongful death under the FTCA. Based on our decision in *Bennett,* we again held that although section 2680(h) shields the government from respondeat superior liability for assault and batteries committed by employees, section 2680(h) does not shield the United States from the consequences of its own supervisory negligence. 815 F.2d at 537.

The United States argues in the alternative that even if it can be sued for negligence for failing to prevent the assault and battery, Morrill has failed to allege facts sufficient to state a claim for negligence. This contention is premature. The district court has not ruled on the issue or on Morrill's pending motion to compel discovery.

On the authority of our recent decisions in *Bennett* and *Kearney,* we reverse and remand for further proceedings.

REVERSED and REMANDED.