78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judith C. WALKER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-55308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Judith C. Walker appeals the district court's dismissal of her claim alleging negligent supervision by defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review de novo the district court's dismissal of Walker's complaint for lack of subject-matter jurisdiction. Morrill v. United States, 821 F.2d 1426, 1426 (9th Cir.1987) (per curiam). The district court's dismissal Walker's complaint for lack of subject-matter jurisdiction relied on the district court's finding that Walker failed to state a claim under the FTCA. Cf. 28 U.S.C. § 1346(b). When reviewing the dismissal of a complaint for failure to state a claim under the FTCA arising in California, we apply California law to determine whether Walker has stated a claim. See 28 U.S.C. § 2674; In re Air Crash near Cerritos, Cal., Aug. 31, 1986 (Di Costa v. Aernaves de Mexico, S.A.), 973 F.2d 1490, 1491 (9th Cir.1992).
 
 
 4
 Walker contends that the district court erred by dismissing her complaint because defendant had a duty to provide adequate supervision of its employees who were Walker's co-workers. This contention has merit.
 
 
 5
 Walker was employed by Diversified Contract Services, a private, food-service contractor, at the Naval Amphibious Base located near Coronado, California. She agreed to testify in disciplinary proceedings against a naval officer concerning allegations of sexual misconduct. In her complaint, Walker alleges that naval personnel, who were her co-workers, performed several overt acts in retaliation for her having testified. Walker contends that the United States failed to prevent its employees from filing false disciplinary charges which led to her eventual termination.
 
 
 6
 Although Walker's second-amended complaint contains an extensive discussion of 42 U.S.C. §§ 1985 and 1986, and the district court analyzed Walker's claims in light of these statutes, we conclude that Walker's second-amended complaint can be read to state a claim of negligent supervision by defendant. We have repeatedly held that negligent supervision claims do not fall within the exception to the FTCA's waiver of sovereign immunity found in 28 U.S.C. § 2680(h). See Brock v. United States, 64 F.3d 1421, 1425 (9th Cir.1995); Morrill v. United States, 821 F.2d at 1427. But see United States v. Shearer, 473 U.S. 52, 55 (1985) (plurality opinion).[1]
 
 
 7
 We also conclude that the allegations of Walker's complaint can be read to state a claim of interference with a contractual relationship or interference with economic advantage. See Pacific Gas & Electric Co. v. Bear Stearns & Co., 791 P.2d 587, 589-90 (Cal.1990).
 
 
 8
 Accordingly, the district court erred by dismissing Walker's complaint. See 28 U.S.C. § 2674; In re Air Crash, 973 F.2d at 1491.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we construe Walker's complaint to state a claim under the FTCA, we also conclude that the FTCA's two-year statute of limitation, see 28 U.S.C. 2401(b), applies and that Walker's complaint was timely filed