# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2814

_____

Joe Billingsley,                           *
                                           *
              Appellant,                   *
                                           *    Appeal from the United States
        v.                                 *    District Court for the
                                           *    Western District of Arkansas.
United States of America,                  *          [PUBLISHED]
                                           *
              Appellee.                    *

_____

Submitted: March 13, 2001

Filed: June 5, 2001

_____

Before MORRIS SHEPPARD ARNOLD, and HEANEY, Circuit Judges,
   and TUNHEIM[1], District Judge.

_____

PER CURIAM.


     Appellant Joe Billingsley filed an action in district court alleging negligent
supervision of a government employee pursuant to the Federal Tort Claims Act

_____

     [1]The Honorable John R. Tunheim, United States District Judge, for the District
of Minnesota, sitting by designation.

(FTCA), 28 U.S.C. §§ 2671-2680. The district court granted the government's motion to dismiss, concluding that Billingsley's claim was barred by an exception to the FTCA precluding, in part, suits "arising out of assault, battery, or false imprisonment." 28 U.S.C. § 2680(h). Billingsley appeals. We remand because on its face, the complaint states a claim.

Billingsley was seriously injured when Thomas Saquawn,[2] an enrollee in the United States Job Corps, struck Billingsley over the head with a glass bottle and kicked him repeatedly. The government states in its brief that Saquawn was not acting within the scope of employment at the time of the battery. Job Corps enrollees are government employees under 29 U.S.C. § 2897(a)(4).

In Sheridan v. United States, 487 U.S. 392 (1988), the Court allowed a cause of action for governmental negligence to proceed when the government employee who committed the battery was not acting within the scope of his employment. In that case an off-duty serviceman fired several rifle shots into plaintiffs' car near the Bethesda Naval Hospital, the defendant's place of employment, causing physical injury to the plaintiffs inside. The government was held to be potentially liable for the tort because it had "a duty to prevent a foreseeably dangerous individual from wandering about unattended." Id. at 403. The Court found that "neither [defendant's] employment status nor his state of mind" had any bearing on plaintiffs' request for damages, and that the intentional tort exception was not applicable because the cause of action was based on the government's breach of a separate legal duty. Id.

Billingsley's complaint alleged that Saquawn was in the presence of other Job Corps enrollees and a Job Corps employee when he battered Billingsley. There has been no finding regarding the government's alleged negligence or whether Saquawn

---

[2]The briefs inconsistently identify the assailant as Saquawn Thomas and Thomas Saquawn.

was off-duty, but based on the information supplied in the complaint alone, appellant may have a cause of action against the government under Sheridan.

Sheridan specifically reserved the issue as to when the government is liable for its negligent oversight of its employees who are acting within the scope of their employment, and the circuits appear to be split on this matter. See Brock v. United States, 64 F.3d 1421, 1425 (9th Cir. 1995) (holding that § 2680(h) does not bar suits based on negligent supervision of government employees who commit battery); but see Leleux v. United States, 178 F.3d 750, 757 (5th Cir. 1999) (holding that § 2680(h) bars suit unless duty breached does not arise from the employment relationship).

We find the Fifth Circuit's analysis persuasive. If Saquawn was acting within the scope of employment when he battered Billingsley, the government would be liable for the tort if Billingsley can show that "the negligence ar[ose] out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States." Leleux, 178 F.3d at 757. For example, the government would be liable if the Jobs Corps employee responsible for the enrollees knew that Saquawn acted violently in public prior to his commission of the battery. The government would not be liable, however, for its negligent hiring and supervision of Saquawn, as such a claim pertains to the government's employment relationship with Saquawn. To find the government liable for negligent hiring and supervision of an employee who commits a tort would frustrate the purpose of § 2680(h), which is to bar suits resulting from "deliberate attacks by Government employees." Tort Claims Against the United States: Hearings on S. 2690 Before a Subcomm. of the Comm. of the Judiciary, 76th Cong. 39 (1940).

At the very minimum, Billingsley is entitled to discovery regarding the nature of the government's alleged negligence and whether Saquawn was acting within the scope of his employment at the time of the tort. Whether this complaint can survive summary

judgment under Arkansas law is not a question before us. We remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.