In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1867

CHICAGO REGIONAL COUNCIL OF CARPENTERS,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF SCHAUMBURG, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 5425—**George W. Lindberg**, *Judge.*

ARGUED OCTOBER 18, 2010—DECIDED MAY 2, 2011

Before POSNER and WOOD, *Circuit Judges*, and ADELMAN, *District Judge.**

WOOD, *Circuit Judge.* Chicago Regional Council of Carpenters ("the Union") filed an action under 42 U.S.C. § 1983 against the Village of Schaumburg, the owner of

---

* Hon. Lynn S. Adelman, of the United States District Court for the Eastern District of Wisconsin, sitting by designation.

the Schaumburg Renaissance Hotel, asserting that the Village had violated its First Amendment rights. The Union chiefly complained that, in August 2009, the Village denied its request to stage a protest on the Hotel's property. In November 2009, while the lawsuit was pending, the Village denied a second request from the Union to allow two of its members to distribute pamphlets at the entrance of the Hotel. In response to the Village's motion for summary judgment with respect to the August 2009 incident, the Union discussed only the Village's refusal in November 2009 to permit the leafletting; it said nothing about the August incident. The district court entered summary judgment for the Village, noting that the Union's complaint had been filed before the November 2009 action and hence did not address any events that occurred after its filing. The Union appeals, asserting essentially that the two incidents were part of a single wrong by the Village. We conclude that the district court properly understood the complaint, and we therefore affirm.

**I**

In the summer of 2009, the Union began representing the housekeeping staff of the Schaumburg Renaissance Hotel in collective bargaining negotiations. Having hit a roadblock in the discussions, it decided to stage some demonstrations. On August 18, 2009, the Union staged a mock funeral procession on the Hotel premises. During this procession, the Schaumburg police directed the Union to keep the noise level down and to follow a

specified route. After a short discussion between the attorneys representing both sides, these terms were agreed to and the mock funeral proceeded without a hitch. Relying on the assumption that the same terms would apply in the future, the Union informed the police that it intended to undertake a similar demonstration on August 31, 2009. But things did not go as the Union had expected. As its members approached the Hotel on August 31, the police refused to permit them to enter the premises. The Union promptly filed this case on September 2, 2009; it alleged that the Village had violated the Union's First Amendment rights by restricting the demonstrators' access to public property—specifically, the area occupied by the Hotel.

As the case was underway, the Union continued discussions with the Village about how it might demonstrate at the Hotel. On November 6, 2009, the Union sent the Village a letter requesting that two of its volunteers be allowed to distribute pamphlets at the entry of the Hotel. The Village denied this request on November 19, 2009.

Both parties then filed cross-motions for summary judgment. Abandoning its claims relating to the August 31 demonstration, the Union focused its motion for summary judgment on the Village's refusal to permit its members to distribute pamphlets in November 2009. At oral argument before this court, the Union explained that it had dropped its complaint about the August 31 incident because it was persuaded that the First Amendment jurisprudence on non-public forums would bar relief.

Reasoning that once the Union forfeited its claims relating to the August 31 incident there was nothing redressable left in the complaint (which the Union never properly moved to supplement pursuant to Federal Rule of Civil Procedure 15(d)), the district court granted summary judgment for the Village on March 24, 2010. Only then did the Union file a motion under Rules 15(a)(2) and 59(e) for leave to file a second amended complaint; the court denied that motion on March 30.

## II

We review the district court's grant of summary judgment *de novo*, examining the record in the light most favorable to the non-moving party. *Ellis v. DHL Express Inc. (USA)*, 633 F.3d 522, 525 (7th Cir. 2011).

The Union's primary argument is that the district court erred when it construed the Union's summary judgment motion as abandoning any theory relating to the August 31 incident. What it was really doing, the Union now says, was merely abandoning claims that depended on its right to demonstrate on public property. But, it now urges, there was another aspect to the planned demonstration: Union volunteers were going to hand out leaflets. When the Village denied the Union access to the Hotel, it simultaneously denied the Union the opportunity to pass out its literature. The Union concludes by asserting that it intended to preserve the leafleting claims in its summary judgment motion.

Unfortunately for the Union, this account is impossible to square with the record. To the contrary, the Union made it clear that it was forfeiting all arguments relating to the August 31 demonstration and, instead, was limiting itself to the denial of the right to leaflet in November. This is what it wrote in its summary judgment motion: "The Plaintiff now focuses, not upon its request to demonstrate on public property, but instead upon its right to conduct leafleting on public property in a peaceful and non-coercive manner." In presenting the facts pertinent to its motion, the Union discusses only the November incident; it uttered not a peep about any denial of the right to pass out leaflets during the August 31 demonstration. It thus forfeited the latter theory and must stand or fall on the November denial. *Liberles v. County of Cook*, 709 F.2d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.").

In light of this, the district court correctly granted summary judgment. Normally, a complaint can seek relief only for events that have already occurred. *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 105 (2d Cir. 1998). (A person seeking injunctive relief must show a likelihood of substantial and immediate irreparable injury and the inadequacy of a remedy at law. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). But the plaintiff must still ground its right to relief on events

described in the complaint, not on matters that arise later.) Before the complaint may be broadened to encompass subsequent events, the plaintiff must move to supplement it. Federal Rule of Civil Procedure 15(d) provides a mechanism for doing just that: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). It is worth underscoring, however, that there is no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion. In this case, the Union filed its complaint on September 2, 2009, but the only event that it now is complaining about occurred in November 2009, two months later. It did not ask the district court to accept a supplemental pleading until after the court had denied its motion for summary judgment. The court was well within its rights to conclude that this was too little, too late.

That is all we have to say about this lawsuit. We note, however, that all may not be not lost for the Union. It can follow the district court's advice and file a new suit for the November 2009 incident. It apparently has been reluctant to do so because it is concerned that it may be faced immediately with a defense of claim or issue preclusion. We think it best not to comment on that possibility, because at the moment it is purely hypothetical. We note only that the Village, having insisted loudly that the November events were entirely separate from the August events, may have to live with that char-

acterization should there be a new case. See *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (stating that claim preclusion "does not bar a suit based on claims that accrue after a previous suit was filed").

\*   \*   \*

We AFFIRM the judgment of the district court.