NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided April 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1550

| | |
|---|---|
| STEVEN R. SCHMIDT, | Appeal from the |
| *Plaintiff-Appellant,* | United States District Court |
| | for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-1019 |
| WISCONSIN DIVISION OF | Aaron E. Goodstein, |
| VOCATIONAL REHABILITATION, | *Magistrate Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Steven Schmidt, a business owner and client of the Wisconsin Division of Vocational Rehabilitation, appeals the grant of summary judgment for the Division in this suit under the Rehabilitation Act of 1973. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Schmidt operates his own business installing telephone and multimedia systems but suffers from an immune-system disorder called agammaglobulinemia. This condition, which causes fatigue and limits his ability to work more than a few days at a time, qualified him to seek vocational rehabilitation services from the Division. The Division is a state agency that receives federal funding under the Rehabilitation Act in return for complying with certain federal guidelines. *See* 29 U.S.C. §§ 720–723. Among these are that it help its clients develop an "individualized plan for employment" (IPE) and identify the resources necessary to achieve their goals. *See id.* § 722(b). Schmidt requested that his IPE include funding from the Division for several business-related expenses, including a new truck, equipment (such as wire and jacks), insurance, and cleaning costs. But Division counselors denied these requests and eventually closed his case file in 2010 with his business plan still unapproved.

Schmidt requested an administrative due-process hearing, *see id.* § 722(c)(5)(A), and challenged the Division's closing of his case file and denial of requested items from his IPE. The hearing officer ordered the Division to reopen Schmidt's case file and continue developing his business plan but declined to address Schmidt's claims regarding the truck, equipment, insurance, and cleaning costs; according to the officer, Schmidt did not seek a hearing on those claims until well beyond the 12-month deadline to challenge the agency's denials. *See* WIS. ADMIN. CODE DWD § 75.05(1). At the hearing Schmidt also sought to challenge the denial of his request for financial analysis of his business plan, but the hearing officer declined to address this claim because it fell outside the scope of Schmidt's initial hearing request and he had not sought to amend his hearing request within the requisite five days before the hearing. *See id.* DWD § 75.08.

Schmidt then sought review in the district court, *see* 29 U.S.C. § 722(c)(5)(J), asserting that the hearing officer should have adjudicated his claims for the truck, equipment, insurance, cleaning costs, and financial analysis because he was unaware of the deadlines for presenting those claims under Wisconsin administrative law. A magistrate judge, presiding by consent under 28 U.S.C. § 636(c), granted summary judgment in favor of the Division, finding no evidence that the hearing officer had erred in her decision to exclude those claims from review.

Before reaching the merits, we want to address two antecedent issues. The first concerns finality. The hearing officer explained to Schmidt that in light of the reopening of his case file with the Division, he could resubmit his requests for the items that were previously denied by the agency. Their exclusion from his previous IPE, the hearing officer determined, "does not mean that they may not be properly approved in the future if [Schmidt] is provided the appropriate assistance in completing his business plan and they are included in his IPE." This statement makes Schmidt's desire for federal review puzzling

because the relief he seeks indirectly through the courts can instead be pursued directly through the agency once again. Nevertheless, we find nothing in the Rehabilitation Act that makes prior agency decisions unreviewable upon the reopening of a case file. We thus conclude that Schmidt's claims present a redressable controversy.

The second antecedent issue concerns exhaustion. Wisconsin provides for review of a hearing officer's decision by an "administrator," *see* WIS. ADM. CODE DWD § 75.19, and it does not appear from the record that Schmidt sought review by the final administrative authority before appealing to the district court. But the exhaustion requirement in the Rehabilitation Act, as in many other federal statutes, is a claim-processing rule rather than a jurisdictional barrier, *cf. Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012); *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 532–33 (7th Cir. 2006), and because the Division has never raised it as an affirmative defense, we conclude that it has been waived.

On the merits Schmidt renews on appeal his argument that his lack of knowledge of Wisconsin administrative law excuses his failure to comply with the relevant deadlines for presenting his claims to the hearing officer. But although Schmidt did not have legal representation, mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001); *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007). Schmidt does not present any sound basis for an exception here.

Schmidt also asserts that the magistrate judge did not consult the transcript of the due-process hearing and thus based his ruling on insufficient evidence. But Schmidt did not oppose summary judgment on the basis of insufficient evidence before the magistrate judge, so he cannot pursue the argument here. *See Chi. Reg'l Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).

AFFIRMED.