OPINION
SUZANNE OJIBWAY TOWNSEND, Chief Judge.
This matter is before the Court on Defendant’s Amended Motion to Dismiss for Lack of Jurisdiction. Because the Court has determined that it lacks subject matter jurisdiction in this matter, Defendant’s Motion is granted.
I. BACKGROUND
For the purposes of this Motion, the Court accepts the facts in this case as they are alleged in the Complaint. Plaintiff alleges that on or about May 5, 2012, she was an employee of Defendant Spirit Mountain Gaming, Inc., and that on that date, her supervisor, also an employee of Defendant, came into her office and “charged” at her, “yelled at her in a manner that was unwarranted” and “got in her face”. Complaint, ¶¶ 6-7. Plaintiff further alleges that Defendant was aware of previous similar conduct by Plaintiffs supervisor. Complaint, ¶¶ 8-9.
On the basis of the facts described above, Plaintiff alleges that Defendant breached its duty of care to Plaintiff and was therefore negligent in retaining Plaintiffs supervisor as an employee. Complaint, Claim for Relief. Plaintiff seeks damages in the amount of $50,000 for unspecified future economic damages and $100,000 for non-economic damages con *82 sisting of pain and suffering. Id. Plaintiff alleges that this Court has jurisdiction over this matter pursuant to Tribal Tort Claims Ordinance, Tribal Code, Chapter 306.
II. STANDARD OF REVIEW
This Court has a duty in every case to first determine whether it has subject matter jurisdiction in the matter. See McCready v. White, 417 F.3d 700, 702 (7th Cir.2005). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint when the Court lacks subject matter jurisdiction over the dispute. Plaintiff bears the burden of proof of establishing the Court’s subject matter jurisdiction when a defendant raises a challenge to the Court’s jurisdiction. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct, 2130, 2136, 119 L.Ed.2d 351 (1992).
When considering a Rule 12(b)(1) motion presenting a technical challenge to this Court’s jurisdiction, the Court will construe the complaint liberally and accept the truth of the allegations, unless the allegations are controverted or otherwise not well-pleaded, making reasonable inferences in the Plaintiffs favor. See Scheuer v. Rhodes, 416 U.S. 232, 234-237, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
III. PROCEDURAL HISTORY
Plaintiffs Complaint was filed on January 22, 2013, alleging jurisdiction of this Court under the Tribal Tort Claims Ordinance, Tribal Code, Chapter 306 (“Tort Claims Ordinance”). Attached . to the Complaint is a copy of a letter entitled Tort Claim Notice for Kathy Sauter, dated October 23, 2012.
Defendant moved to dismiss the complaint for lack of jurisdiction on March 26, 2013. By order dated March 29, 2013, the Court held the Motion in abeyance pending compliance with Federal Rules of Civil Procedure, LR 7-1. On April 3, 2013, Defendant filed an Amended Motion and provided the required certification. Plaintiff filed its opposition response to the Motion on April 18, 2013, Defendant filed a Reply Brief on May 6, 2013.
Hearing on Defendant’s Motion to Dismiss was held on May 17, 2013. Both parties appeared through counsel. The Motion is fully briefed and ready for disposition.
IV. DISCUSSION
Defendant argues that this Court lacks jurisdiction in this matter because 1) the-Tribal Workers’ Compensation Ordinance provides the exclusive remedy for injuries arising out of and in the course of employment; 2) the Tribal Employment Action Review Ordinance provides the exclusive remedy for claims, other than a claim of worker’s compensation, and 3) the Tribal Tort Claims Ordinance does not waive the Tribe’s immunity for injuries resulting from an intentional tort. Plaintiff argues that neither the Tribal Worker’s Compensation Ordinance nor the Tribal Employment Action Review Ordinance applies to this case, and that the Tribal Tort Claims Ordinance waives Defendant’s immunity in this matter.
Because it is dispositive, the Court first analyzes its jurisdiction under the Tribal Tort claims Ordinance. The Tribal Tort Claims Ordinance provides a limited waiver of the Tribe’s sovereign immunity for actions for monetary damages brought against the Tribe for an injury caused “(A) by an act or omission by the Tribe, or (B) by an act or omission by any agent, employee or officer acting on behalf of the Tribe and within the scope of authority of that agent, employee or officer.” Tribal Tort Claims Ordinance, § 306(c)(1). The *83 limited waiver of the Tribe’s immunity from suit is subject to a number of exceptions and limitations. See generally, Tribal Tort Claims Ordinance, Chapter 308(e).
At issue here is the exception concerning intentional torts, contained in Tribal Tort Claims Ordinance § (e)(4)(C), which provides in relevant part as follows:
(4) Notwithstanding any other provisions of this Ordinance, there shall be no exception to or waiver of sovereign immunity for any claim of monetary damages for any injury alleged to have resulted from any:
* * *
(C) Any intentional tort, including but not limited to assault, battery, * * *.
* * *
Tribal Tort Claims Ordinance, § 306(e)(4)(C).
Here, for purposes of the Court’s review of the Motion to Dismiss, it is not disputed that the underlying cause of the injuries alleged by Plaintiff were the result of alleged intentional acts by her supervisor. However, Plaintiff argues that her claim is not based on an “injury alleged to have resulted from” an intentional tort, but rather from injuries that resulted from the negligent actions or omissions of Defendant in the retention and supervision of its employee, Plaintiffs supervisor. In support of this argument, Plaintiff urges this Court to adopt the analysis of the United States Court of Appeals for the Ninth Circuit, as set out in Senger v. U.S., 103 F.3d 1437 (1996).
In Senger, the Court analyzed the “assault and battery” exception to the Federal Tort Claims Act (“FTCA”). The FTCA provides that the waiver of the sovereign immunity of the United States does not apply to “[a]ny claim arising out of assault for] battery.” 28 U.S.C. § 2680(h). This waiver exception, while similar to the waiver exception under the Tribal Tort Claims Act, is arguably less broad than the waiver exception in the Tribal Tort Claim Ordinance, which excepts not just to a “claim arising out of assault [or] battery”, but rather excepts any claim for “any injury” alleged to have resulted from any intentional tort. Cf 28 U.S.C. § 2680(h) and Tribal Tort Claims Ordinance § (e)(4)(C).
Plaintiff in Senger brought suit against the United States seeking to recover damages for injuries allegedly suffered as a result of an assault by an employee of the United States Postal Service. The Court reviewed the various Ninth Circuit cases involving the scope of the FTCA “assault and battery” exception to the FTCA, including Morrill v. U.S., 821 F.2d 1426 (9th Cir.1987)(“assault and battery” exception to the FTCA did not preclude U.S. government liability where the Navy hired a go-go dance to perform in a club for enlisted men but failed to provide adequate supervision, and the dancer was raped); Kearney v. United States, 815 F.2d 535 (9th Cir.1987) (“assault and battery” exception to the FTCA does not preclude U.S. government liability where an army officer being held for rape was released and subsequently committed a murder); and Bennett v. U.S., 803 F.2d 1502 (9th Cir.1986) (“assault and battery” except to FTCA does not preclude government liability for damages resulting from the kidnapping and raping of children by a BIA teacher when the government should have known at the time of hire that the teacher had a history of child molestation.) Relying on the precedent set in Morrill, the Court held that a claim for damages by a business invitee of the postal service alleging that the Postal Service had failed to provide adequate supervision of its employee when the violent behavior of the employee could have been predicted, did not fall under the FTCA “assault and battery” *84 exception to the FTCA, Senger, Id. at 1442.
Defendant argues that Senger is not controlling law in this Court, and urges this Court to adopt the position of the plurality of the U.S. Supreme Court in United States v. Shearer, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). In Shearer, a plurality of the justices determined that the exception to the FTCA for claims “arising out of assault or battery” prohibited negligence claims brought by the mother of army soldier killed by a fellow serviceman. Id. at 54-55, 105 S.Ct. 3039.[1] Defendant also points to cases arising outside of the Ninth Circuit that have adopted the analysis by the plurality in Shearer, including Billingsley v. United States, 251 F.3d 696, 698 (8th Cir.2001((finding that holding the government liable for negligent hiring and supervision of an employee who commits a tort would frustrate the purposes of the FTCA.); Leleux v. United States, 178 F.3d 750, 757 (5th Cir.l999)(the assault and battery exception to the FTCA bars a suit against the government that arises from the employment relationship.); Sheridan v. United States, 969 F.2d 72, 75 (4th Cir.1992) (a claim of negligent supervision arising out of an assault or batter by a government employee is not actionable under the FTCA.)
This Court has carefully reviewed the case law provided by the parties. It is clear that there is currently no agreement among the various federal circuits, and no definitive ruling from the United State Supreme Court regarding the correct interpretation of the “assault and battery” exception to the FTCA. Even if there were, the decisions of the federal courts concerning interpretation of the FTCA are only illustrative for this Court, which must interpret the provisions of the Tribe’s Tort Claims Ordinance. And, as noted above, the provisions of the FTCA and the Tribal Tort Claims Ordinance exceptions are not identical.
As did the four justices in Shearer, this Court looks to the express words of the law describing the exceptions to the Tribe’s waiver of sovereign immunity. The Tribal Tort Claims Ordinance waiver of sovereign immunity dearly states that the waiver does not apply to “any claim of monetary damages for any injury alleged to have resulted from * * * [a]ny intentional tort, including but not limited to assault, [or] battery * * Tribal Tort Claims Ordinance § 306(e)(4)(C). (Emphasis added). This provision is not ambiguous and no further analysis, review of legislative history or application of the rules of statutory construction is required.
It is clear that the injuries Plaintiff here claims arise from an alleged assault and/or battery by her supervisor. It is these injuries that are the proximate cause of Plaintiffs injuries, even though Plaintiff frames her complaint as one of negligence. The express words of Tribal Tort Claims Ordinance § 306(e)(4)(C) bar such a claim. This is true even if the allegations are expressed in terms of negligence, because the injuries for which damages are sought ultimately are alleged to have “resulted from” an intentional tort.
In the absence of a waiver of the Tribe’s sovereign immunity, this Court lacks subject matter jurisdiction to hear this claim.
The remaining arguments by the Defendant-based on the Tribal Workers’ Compensation Ordinance and the Tribal Employment Action Review Ordinance are *85 moot, and the Court therefore does not consider them.
V. CONCLUSION
For the reasons discussed above, this Court has no subject matter jurisdiction in this matter. Defendant’s Amended Motion to Dismiss for Lack of Jurisdiction is GRANTED.
IT IS HEREBY ORDERED that this matter is DISMISSED in its entirety, with prejudice.

. The analysis of the FTCA “assault and battery" exception discussed in Shearer is dicta, and the case was ultimately decided on other grounds. Shearer v. United States, supra at 59, 105 S.Ct. 3039.